UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| J.C., *a minor by her Parent & Guardian Kimberly Cole*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 18-12456-DJC |
| THE COMMONWEALTH OF MASSACHUSETTS, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

**CASPER, J.**                                                                                                September 9, 2019

For the reasons stated below, the Court will order that this action be dismissed.

In the July 29, 2019 Memorandum and Order, D. 6, the Court permitted Plaintiff Kimberly Cole ("Cole") to file an amended complaint. Cole did so in a timely fashion. D. 7. Heeding the Court's directive that she cannot represent her daughter on the claims she previously asserted, she identifies herself as the sole plaintiff and Marshfield Public School Department ("MPSD") is the sole defendant.

In the amended complaint, and under the heading "Statement of the Claim," Cole writes: "Negligence, violations of FAPE for my minor child, civil, human, medical, student rights violated" and "Request to amend claims on Kim Cole's behalf (as opposed to [J.C.] as plaintiff) & violations of the ADA Americans with Disabilities Act[,] Section 504[,] FAPE." Amend. Compl., D. 7 at 4. In her prayer for relief, Cole asks for $120 million, which represents "$10 million for each MPSD FAPE violations grades 1-12 for minor [J.C.]." Id.

In an attachment to the amended complaint, Cole asserts that her daughter J.C. "should

1

have had an IEP throughout her whole public school career, starting in kindergarten," but that her daughter "did not receive an IEP until the eleventh grade, despite [Cole's] best efforts and repeat[ed] written IEP Requests starting in Elementary School to get her one." Amend. Compl. Ex., D. 7-1, at 1, 2. Cole concludes that her daughter's "FAPE rights were repeatedly violated for twelve years; the entirety of her MPSD Education." Id. at 2. Cole represents that her daughter became disabled due to the effects of lead poisoning in 2003 and that MPSD was "unwilling[] to acknowledge [J.C.]'s plumbism until the year before she graduated." Id.

Cole also submitted with the amended complaint a document designated as an "Opposition to Marshfield Public Schools' Motion to Dismiss Parents' Hearing Request." See Amend. Compl. Ex., D. 7-3. It appears that the document, dated December 16, 2017, was prepared for a proceeding by Cole against MPSD before the Commonwealth's Bureau of Special Education Appeals. Cole does not provide additional information about this proceeding.

The Court surmises that Cole is asserting a claim under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The IDEA offers federal funds to states that develop plans to ensure that all children with disabilities receive a "free appropriate public education" ("FAPE"). 20 U.S.C. § 1412(a)(1)(A). To meet the requirements of the IDEA, a school district must provide each student with a disability with special services, which are administered according to an "individualized education program" ("IEP"). See 20 U.S.C. § 1414(d). Parents have standing to sue under the IDEA because the statute "grants parents independent, enforceable rights. These rights . . . encompass the entitlement to a free appropriate public education for the parents' child." Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 533 (2007).

The Court cannot reasonably infer from Cole's amended complaint that she is entitled to relief under the IDEA. The pleading fails to set forth specific factual allegations which, if true,

2

show that MPSD had violated Cole's rights under the IDEA. In addition, Cole does not allege that she has exhausted her administrative remedies and timely filed this action. See 20 U.S.C. § 1415(i)(2). Even if the amended complaint, however, did not suffer from these deficiencies, the damages Cole seeks are not available under the IDEA. The statute permits the recovery of attorneys' fees and costs, see 20 U.S.C. § 1415(i)(3)(B), but the "only monetary damages plaintiff may recover for an IDEA claim is reimbursement for expenses they incurred for private schooling." Lebron v. Commonwealth of P.R., 770 F.3d 25, 29 (1st Cir. 2014). Further, "where the underlying claim is one of violation of the IDEA, plaintiffs may not use [42 U.S.C.] § 1983—or any other federal statute for that matter—in an attempt evade the limited remedial structure of the IDEA." Id. (quoting Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 29 (1st Cir. 2006)).[1]

Here, Cole's claim is that MPSD failed to provide her daughter an IEP to provide services to ensure that the daughter received a FAPE. The claim therefore is under the IDEA, and any remedies are limited to those provided by the statute, which does not provide for the monetary damages she seeks here.

For the foregoing reasons, the Court hereby DISMISSES this action.

**SO ORDERED.**

      /s/ Denise J. Casper
      Denise J. Casper
      United States District Judge

---

[1] "[T]he IDEA does not restrict plaintiffs' rights to sue under other statutes, so long as their cases do not 'turn [ ] entirely on the rights created by statute in the IDEA.'" Lebron, 770 F.3d at 29 (second alteration in original) (quoting Díaz-Fonseca, 451 F.3d at 29); see 20 U.S.C. § 1415(l) (providing that "[n]othing in [the ADA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities"). To the extent that Cole is also seeking to invoke the ADA or the Rehabilitation Act, even if Cole's daughter could assert a claim against MPSD under the ADA of the Rehabilitation Act that did not turn entirely on rights created under the IDEA, Cole lacks standing to assert said claims on her daughter's behalf, as previously explained. D. 6 at 3-4.